**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

CHAPPEL RAE WOOD,

        Plaintiff,

v.                                        Case No. 6:15-cv-1540-Orl-37TBS

CLEAN FUELS OF INDIANA, INC.; and
DUSTIN REED,

        Defendants.

_____

**ORDER**

This cause is before the Court on the following:

1. Plaintiff's Motion for Partial Summary Judgment and Supporting Memorandum of Law (Doc. 45), filed June 16, 2016;

2. Defendant[] Clean Fuels of Indiana, Inc.'s Motion for Summary Judgment and Brief in Support (Doc. 52), filed June 20, 2016;

3. Plaintiff's Response to Defendant's Motion for Summary Judgment and Memorandum of Law (Doc. 53), filed July 1, 2016;

4. Defendant's Response in Opposition to Plaintiff's Motion for Partial Summary Judgment and Reply in Support of Motion for Summary Judgment (Doc. 59), filed July 15, 2016;

5. Plaintiff's Reply to Defendant's Response in Opposition to Plaintiff's Motion for Partial Summary Judgment and Reply in Support of Motion for Summary Judgment (Doc. 60), filed July 28, 2016; and

6. Defendant's Surreply in Opposition to Plaintiff's Motion for Partial Summary Judgment (Doc. 70), filed August 18, 2016.

**BACKGROUND**[1]

Clean Fuels of Indiana, Inc. ("**Clean Fuels**") is a "fuel tank and fuel cleaning company." (Doc. 45 p. 2; *see also* Doc. 59, p. 10.) Using proprietary technology, Clean Fuels cleans fuel tanks at newly constructed service stations and decontaminates fuel at existing service stations. (Doc. 52, p. 2–3; *see also* Doc. 52-3, p. 1.) From October 13, 2014 until his death, Clean Fuels employed Thomas Carrol Wood ("**Decedent**"). (*See* Doc. 2, ¶ 8.) During his employment, Decedent "render[ed] services on [Clean Fuels's] behalf at [a] RaceTrac gas station" under construction in Daytona Beach, Florida ("**Job Site**"). (*Id.* ¶¶ 8–11.) Decedent's services included cleaning fuel tanks. (*See* Doc. 45, pp. 2–3; *see also* Doc. 52-6, p. 13.) On December 29, 2014, while on the Job Site, Decedent "inhaled and became over-exposed to toxic chemical components of gasoline vapor." (Doc. 2, ¶ 13.) Defendant Dustin Reed ("**Reed**"), Decedent's co-worker, later found him unconscious. (Doc. 52-4, pp. 13–14; *see also* Doc. 52-8, p. 8.) As a result of the over exposure, Decedent died three days later. (Doc. 2, ¶ 13.)

Following the death of Decedent, Plaintiff—Decedent's wife and duly appointed personal representative of Decedent's estate—filed a petition for Florida workers' compensation benefits with the Division of Administrative Hearings ("**Administrative Division**") on February 19, 2015. (Doc. 52-15, pp. 88–90.) A month later, the Administrative Division denied Plaintiff's petition on the ground that "no Florida Workers' Compensation Coverage exist[ed]." (Doc. 52-14, p. 74.) On April 28, 2015, Plaintiff

---

[1] For the purpose of resolving a summary judgment motion, the Court ordinarily presents the facts in the light most favorable to the non-moving party. *See Battle v. Bd. of Regents*, 468 F.3d 755, 759 (11th Cir. 2006). Here, however, both parties move for summary judgment. Therefore, in the following section, the Court presents the undisputed facts from the record evidence.

voluntarily dismissed her petition for Florida workers' compensation benefits. (Doc. 52-1.)

Plaintiff then initiated this negligence action on August 6, 2015, against Clean Fuels and Reed in state court, seeking damages both for herself and Decedent's estate.[2] (Doc. 2, ¶¶ 19–28.) Defendant subsequently removed the action to this Court and answered the Complaint, asserting several affirmative defenses. (Docs. 1, 4.)

At this stage of the proceedings, the parties have filed cross motions for summary judgment with respect to whether Clean Fuels was required to maintain Florida workers' compensation coverage. (Docs. 45, 52 ("**Cross Motions**").) Clean Fuels contends that it does not qualify as a "construction industry" employer and, therefore, is exempt from Florida's workers' compensation law ("**FWCL**"). (Doc. 52, p. 9.) Plaintiff contends that Clean Fuels is a construction industry employer and was, thus, required to have Florida workers' compensation coverage. (Doc. 53, p. 2.) Each party responded to the respective Cross Motions (Docs. 53, 59, 60, 70), and the matters are ripe for adjudication.

## STANDARDS

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). As to issues for which the movant would bear the burden of proof at trial, the "movant must affirmatively show the absence of a genuine issue of material fact and support its motion with credible evidence demonstrating that no reasonable jury could find for the nonmoving party on all of the essential elements of its case." *Landolfi v. City of Melbourne,*

---

[2] On October 28, 2015, the Court dismissed the claims against Reed without prejudice. (Doc. 32, p. 7.) Accordingly, the instant action proceeds on the single negligence claim against Clean Fuels.

*Fla.*, 515 F. App'x 832, 834 (11th Cir. 2012) (citing *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993)). As to issues for which the nonmovant would bear the burden of proof at trial, the movant has two options: (1) the movant may simply point out an absence of evidence to support the non-moving party's case; or (2) the movant may provide "affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial." *U.S. v. Four Parcels of Real Prop. in Green & Tuscaloosa Ctys.*, 941 F.2d 1428, 1438 (11th Cir. 1991) (citing *Celotex Corp.*, 477 U.S. at 325).

"The burden then shifts to the nonmoving party, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists." *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006) (citing *Fitzpatrick*, 2 F.3d at 1115–17). "A factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Four Parcels*, 941 F.2d at 1437 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The Court must view the evidence and all reasonable inferences drawn from the evidence in the light most favorable to the nonmovant. *Battle v. Bd. of Regents*, 468 F.3d 755, 759 (11th Cir. 2006). However, "[a] court need not permit a case to go to a jury . . . when the inferences that are drawn from the evidence, and upon which the nonmovant relies, are 'implausible.'" *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 743 (11th Cir. 1996).

## DISCUSSION

This case is one of statutory interpretation. As a threshold matter, the Court must first determine whether Clean Fuels is a "construction industry" employer under FWCL. Therefore, the Court begins with the relevant statutory language.

**I.        Statutory Framework**

FWCL is a quid pro quo regime—that is, an employee foregoes the right to sue in exchange for the employer's assumption of liability without fault. *Fitzgerald v. S. Broward Hosp. Dist.*, 840 So. 2d 460, 462 (Fla. 4th DCA 2003); *see also* Fla. Stat. § 440.11. Thus, every employer coming within the provisions of FWCL must secure the payment of workers' compensation benefits. Fla. Stat. §§ 440.10(1), 440.38; *see, e.g.*, *Mena v. J.I.L. Constr. Grp. Corp.*, 79 So. 3d 219, 225 n.1 (Fla. 4th DCA 2012).

The term "employment" means "all private employment in which four or more employees are employed by the same employer, or with respect to the *construction industry*, all private employment in which *one or more* employees are employed by the same employer." Fla. Stat. § 440.02(17)(b)(2) (emphasis added). Within this context, "construction industry" refers to "for-profit activities involving any building, clearing, filing, excavation, or a substantial improvement in the size or use of any structure or the appearance of any land." Fla. Stat. § 440.02(8). The separate treatment of the construction industry underscores the legislature's recognition that "workers performing inherently dangerous work in the construction industry" need coverage, "even when they are working for small employers who employ only a few employees." *Ficocelli v. Just Overlay, Inc.*, 932 So. 2d 1230, 1233 (Fla. 1st DCA 2006).

The Division of Workers' Compensation of the Department of Financial Services has adopted a rule establishing industrial classification codes ("**Construction Codes**") for businesses within the "construction industry" under to Florida Statutes, § 440.02(8). *See Ficocelli*, 932 So. 2d at 1232 (citing Fla. Admin. Code Ann. r. 69L-6.021 (2011)). Under the Construction Codes, an employer is "engaged in the construction industry"

when "any portion of the employer's business operations" encompasses the cleaning or swabbing of oil or gas wells by a specialist contractor. *See* Fla. Admin. Code Ann. r. 69L-6.021(2)(c),(3); *see also Wood v. S. Crane Serv., Inc.*, 117 So. 3d 65, 69 (Fla. 1st DCA 2013) (relying on rule 69L-6.021 of the Florida Administrative Code to determine whether use of a crane to remove trees came within the definition of "construction industry"). Consistent with this definition, an employee of a construction industry employer headquartered outside of Florida is "engaged in work" in Florida if the employee performs any job duties or activities falling within the Construction Codes within Florida. Fla. Admin. Code Ann. r. 69L-6.019(6)(a)–(c) (2012); *see also* Fla. Stat. § 440.10(1)(g)(1).

The parties do not dispute that Clean Fuels is a "fuel tank and fuel cleaning company." (Doc. 45 p. 2; *see also* Doc. 59 p. 10.) Rather, Clean Fuels contends that it is not in the "construction industry" under FWCL because its work does not involve any building or substantial improvement in the size or use of a structure, nor does it involve the clearing, filling, excavation or substantial improvement of any land or building. (*See* Doc. 59, p. 10.) Instead, Clean Fuels represents that its work is limited to filtering fuel to remove impurities from the underground storage tanks and fuel. (*Id.*)

For her part, Plaintiff maintains that Clean Fuels *is* in the "construction industry." (Doc. 53, p. 2). In support, she points to an unrelated Occupational Safety and Health Administration ("**OSHA**") hearing, at which Clean Fuels argued that it was engaged in the construction industry. (*Id.* at 2–8.) Clean Fuels counters that: (1) OSHA's definition of "construction industry" is inapplicable in this context; and (2) the nature and scope of its work clearly evidence that Clean Fuels is not in the "construction industry" as defined

under FWCL. (Doc. 59, pp. 9–10; *see also* Doc. 70.)

The Court refuses to muddy its analysis with the parties' briefing on this point. Regardless of the OSHA definition, Clean Fuels's activities—cleaning fuel tanks at newly constructed or existing gas stations—are analogous to work performed in the Construction Code regarding the cleaning of wells. *See* Fla. Admin. Code Ann. r. 69L-6.021(2)(c). Thus, Clean Fuels is a "construction industry" employer pursuant to FWCL and had at least two employees—Reed and Decedent—"engaged in work" in Florida. (Doc. 2; Doc. 5; Doc. 52, p. 5; Doc. 52-4, pp. 8–9.) Consequently, Clean Fuels was required to maintain Florida workers' compensation coverage for Decedent.

Moreover, having failed to secure payment of compensation, Clean Fuels may not defend the instant action on grounds: (1) that Decedent assumed the risk of his employment; (2) that the injury was caused by a fellow employee's negligence; or (3) Decedent's comparative negligence. Fla. Stat. § 440.06 (prohibiting the use of such defenses where an employer fails to secure payment of compensation).

## II.     Other Potential Bars to Suit

Notwithstanding its admission that it did not secure payment of compensation by insuring Decedent in Florida, Clean Fuels asserts that Plaintiff's suit is barred for the following reasons: (1) it provided equivalent coverage under its Indiana insurance policy and, by so doing, complied with FWCL and should be afforded immunity; (2) Indiana's exclusive remedy provision bars Plaintiff's action; and (3) FWCL's doctrine of election of remedies bars Plaintiff's action. (Doc. 52, pp. 12–14; Doc. 4, p. 8.) The Court finds these arguments unpersuasive.

First, § 440.04 permits an *otherwise exempt employer* to waive his exemption and

bring himself within the protections of FWCL "to the same extent as if he had not been initially exempt" and thus "voluntarily assume the obligations and privileges" of FWCL. *Allen v. Estate of Carman*, 281 So. 2d 317, 322 (Fla. 1973) (emphasis added). However, § 440.04 is premised on the assumption that an employer is exempt from FWCL.

Here, Clean Fuels contends that it is immune from suit because it has "opted in" to FWCL under Florida Statutes, § 440.04. (Doc. 52, pp. 12–14.) Specifically, Clean Fuels maintains that its Indiana insurance policy provides benefits equal to or greater than those under FWCL and, therefore, it has waived its exemption from FWCL and is protected by FWCL's immunity provision. (Doc. 52, pp. 12–14.) However, Clean Fuels has not shown that it was exempt from FWCL in the first instance. Thus, § 440.04 does not apply and Clean Fuels may not avail itself of the immunity privilege under FWCL.[3]

Second, Clean Fuels asserts that Plaintiff's suit is barred by Indiana's exclusive remedy provision. (Doc. 52, p. 14 (citing Ind. Stat. § 22-3-2-6).) In support, Clean Fuels relies on *Plath v. Malebranche*, 351 F. Supp. 2d 1338, 1342–43 (M.D. Fla. 2005), for the proposition that another state's exclusive remedy provision can bar suit. However, the *Plath* decision does not support Clean Fuels's position.

In granting summary judgment for the employer, the *Plath* court found that: (1) Oregon, not Florida, law applied; and (2) because the employer had secured the payment of compensation, Oregon workers' compensation law barred the plaintiff's suit

---

[3] Additionally, the altruistic payment of death benefits by Clean Fuels does not amount to securing compensation under FWCL. *See Royer v. U.S. Sugar Corp.*, 4 So. 2d 692, 693 (Fla. 1941) (holding that an employer's voluntary payment of the claimant's hospital and doctor bills was not "compensation" under FWCL); *see also Wheeled Coach Indus., Inc. v. Annulis*, 852 So. 2d 430, 432 (Fla. 5th DCA 2003) (finding that the voluntary payment of benefits by an employer's insurance carrier was not evidence of an election of remedies).

under the state's exclusive remedy provision. *Id.* In dicta, the court noted that the result would be the same under Florida law because of Florida's exclusive remedy provision. *Id.* at 1342-43. The instant case is distinguishable from *Plath*, as Florida law applies and FWCL clearly requires Clean Fuels–as a "construction industry" employer–to maintain Florida workers' compensation coverage even in spite of its Indiana coverage. *See* Fla. Stat. § 440.38(a) ("Every employer shall secure the payment of compensation under this chapter by insuring and keeping insured the payment of such compensation . . . .").

Third, Clean Fuels attempts to eschew this litigation by asserting that even if it failed to secure payment of compensation, Plaintiff's suit is barred because she made an election when she filed a petition for compensation benefits. (*See* Doc. 4, p. 8.); *see also* Fla. Stat. § 440.11(1)(a).

Where an employer fails to secure the payment of compensation as required by FWCL, an aggrieved employee may elect between: (1) filing a petition for workers' compensation benefits; or (2) initiating a legal action. Fla. Stat. § 440.11(1)(a). Under the doctrine of the election of remedies, once an employee elects one course, he is estopped from later pursuing the other course. *Williams v. Robineau*, 168 So. 644, 646 (Fla. 1936). However, the doctrine presupposes a *right* to elect. *Id.* at 646 (emphasis added). Thus, to waive his right to pursue an action for damages, an employee must *consciously intend* to elect the compensation remedy and waive his other rights. *Lowry v. Logan*, 650 So. 2d 653, 657 (Fla. 1st DCA 1995) (emphasis added).

However, until Plaintiff learned that Clean Fuels did not have Florida workers' compensation coverage, Plaintiff was not aware that she had two alternative and exclusive remedies from which to choose. Thus, Plaintiff's actions do not evidence a

9

conscious intent to elect a nonexistent compensation remedy and waive her right to sue.

Clean Fuels would have the Court lock the courthouse door only after Plaintiff's choice, through no fault of her own, led her to a locked benefits door, and, consequently, be left without any redress whatsoever. Such a perverse result would frustrate the intent behind FWCL—that is, the quick and efficient delivery of benefits to injured workers. *See* Fla. Stat. § 440.015.

Based on the foregoing, Clean Fuels has not complied with FWCL**.** Moreover, its compliance with Indiana worker's compensation law does not change the result.

## CONCLUSION

In sum, the Court finds that: (1) Clean Fuels is a construction industry employer; (2) Clean Fuels was required to maintain Florida workers' compensation coverage; (3) the failure of Clean Fuels to provide coverage under FWCL prohibits Clean Fuels from defending this action on the grounds that Decedent assumed the risk of his employment, that the injury was caused by a fellow employee's negligence, or Decedent's comparative negligence; and (4) FWCL's doctrine of election of remedies does not bar Plaintiff's suit. As such, Plaintiff's partial motion for summary judgment is due to be granted.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion for Partial Summary Judgment and Supporting Memorandum of Law (Doc. 45) is **GRANTED**.
2. Defendant[] Clean Fuels of Indiana, Inc.'s Motion for Summary Judgment and Brief in Support (Doc. 52) is **DENIED**.
3. The Clerk is **DIRECTED** to enter judgment in favor of Plaintiff Chappel Rae Wood and against Defendant Clean Fuels of Indiana, Inc. on Clean Fuels's

>
> first affirmative defense, regarding the doctrine of election of remedies (Doc. 4, p. 8).
>
> 4. The parties will proceed to trial on Count I of Plaintiff's Complaint (Doc. 2, ¶¶ 19–22) and Defendant's remaining affirmative defenses (Doc. 4, p. 8).
>
> 5. Pursuant to the Court's prior order of dismissal (Doc. 32), the Clerk is **DIRECTED** to terminate Dustin Reed as a Defendant in this action.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on October 4, 2016

/s/ Roy B. Dalton Jr.
ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record